IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN DEMETRIUS LOZANO, # 288087, )<br>  )<br>  Petitioner, )<br>  )<br>  v. )<br>  )<br>  LOUIS BOYD, *et al.*, )<br>  )<br>  Respondents. ) | Civil Action No. 1:15cv703-MHT<br>(WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter concerns a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Kevin Demetrius Lozano ("Lozano") on August 21, 2015. Doc. No. 1.[1] For the reasons that follow, it is the recommendation of the magistrate judge that Lozano's § 2254 petition be denied without an evidentiary hearing and this case be dismissed with prejudice.

### **I. INTRODUCTION AND PROCEDURAL HISTORY**

On February 6, 2013, in the Circuit Court of Houston County, Lozano was found guilty of production of obscene material containing a visual depiction of a person under 17 years old involved in an obscene act, in violation of § 13A-12-197, Ala. Code 1975.[2] Doc. No. 14-2 at 194. For that offense, Lozano was sentenced to 15 years in prison. *Id.* at 196.

---

[1] Document numbers ("Doc. No.") are those assigned by the clerk of court in this civil action. Page references are to those assigned by CM/ECF.

[2] In addition to the production-of-obscene-material charge, Lozano was charged with three counts of second-degree rape and one count of possession of pornographic material. His trial began on February 5,

Lozano appealed, arguing there was insufficient evidence that he participated in the production of the obscene material, a digital-video recording of Lozano engaged in sexual intercourse with a 15-year-old female. Doc. No. 14-4. On August 20, 2013, the Alabama Court of Criminal Appeals affirmed Lozano's conviction by memorandum opinion. Doc. No. 14-5. Lozano's application for rehearing was overruled on October 11, 2013. Doc. Nos. 14-6 & 14-7. Lozano did not seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment on October 30, 2013. Doc. No. 14-8.

On July 2, 2014, Lozano filed a *pro se* petition (later supplemented) seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. No. 14-9 at 5–25. In his Rule 32 petition, Lozano claimed that his appellate counsel was ineffective for failing to argue on appeal that the trial court improperly applied Alabama's rape shield law to exclude certain evidence regarding the victim's conduct. Doc. No. 14-9 at 11–14. On July 14, 2014, the State moved to dismiss Lozano's Rule 32 petition. *Id.* at 30–31. On September 2, 2014, the trial court entered an order denying the Rule 32 petition. *Id.* at 32–33.

Lozano appealed, reasserting his Rule 32 claim that his appellate counsel was ineffective for failing to argue that the trial court improperly applied Alabama's rape shield

---

2013. After the close of the State's case and after the defense called its first witness, the State and Lozano entered into plea negotiations. On February 6, 2013, Lozano entered a guilty plea to three counts of second-degree rape. Doc. No. 14-2 at 187–88. The pornography-possession charge was dismissed by agreement of the parties. *Id.* at 189. Lozano consented to the trial court entering a non-jury verdict on the production-of-obscene-material charge that is the subject of the instant habeas petition. *Id.* at 192–94.

law to exclude certain evidence regarding the victim's conduct. Doc. No. 14-11 at 26–31. Lozano also asserted two additional claims: (1) that his appellate counsel was ineffective for failing to argue on appeal that his trial counsel rendered ineffective assistance on various grounds (*id.* at 14–25);[3] and (2) that he was denied due process because he did not receive a copy of the State's motion to dismiss his Rule 32 petition before the trial court denied the petition (*id.* at 32–35).

On March 6, 2015, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of Lozano's Rule 32 petition. Doc. No. 14-14. Lozano's application for rehearing was overruled on April 17, 2015. Doc. Nos. 14-15 & 14-16. Lozano filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on July 24, 2015. Doc. Nos. 14-17 & 14-18. On that same date, a certificate of judgment was issued. Doc. No. 14-19.

On August 21, 2015, Lozano initiated this habeas action by filing a § 2254 petition reasserting the claims he presented to the Alabama Court of Criminal Appeals on appeal from the denial of his Rule 32 petition. Doc. No. 1. The Respondents have filed an answer arguing that (1) Lozano has procedurally defaulted his claim that his appellate counsel was ineffective for failing to argue on appeal that his trial counsel rendered ineffective assistance on various grounds (*see* Doc. No. 14 at 5–8); (2) Lozano's claim that his

---

[3] In particular, Lozano asserted that his appellate counsel should have argued that his trial counsel rendered ineffective assistance by (1) telling the trial court he had no defense; (2) refusing to cross-examine witnesses; (3) telling the trial court he was not ready for trial; (4) failing to effectively represent Lozano; (5) expressing concerns about his own abilities; (6) asking to be excused from the duration of the trial; (7) moving to withdraw as counsel so Lozano could continue the case to another term of court; (8) violating the trial judge's orders multiple times; and (9) engaging in conduct that resulted in his being admonished by the trial court and threatened with contempt and a state bar complaint. Doc. No. 14-11 at 14–25.

3

appellate counsel was ineffective for failing to argue that the trial court improperly applied Alabama's rape shield law to exclude certain evidence regarding the victim's conduct was correctly adjudicated on the merits by the state courts (*id.* at 8–13); and (3) Lozano's claim that he was denied due process when he received no copy of the State's motion to dismiss his Rule 32 petition was not properly exhausted in the state courts, and therefore has been defaulted, and even if the claim has not been defaulted, it nonetheless fail on the merits (*id.* at 13–14).

## II. DISCUSSION

### A. Claims Adjudicated on Merits by State Court

#### 1. *Standard of Review*

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010). To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) and (2); *see Williams v. Taylor*, 529 U.S. 362, 404–05 & 412–13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless

reaches a different result. *Williams*, 529 U.S. at 404–06; *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407.

"Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or ... could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 536 U.S. 170, 181 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of

5

rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### 2. *Appellate Counsel's Failure to Challenge Trial Court's Application of Rape Shield Law to Exclude Certain Evidence*

Lozano contends that his appellate counsel was ineffective for failing to argue on appeal that the trial court improperly applied Alabama's rape shield law, Rule 412 of the Alabama Rules of Evidence,[4] to exclude certain evidence regarding the victim's conduct. Doc. No. 1 at 8; *see* Doc. No. 14-9 at 11–14.

---

[4] Rule 412 of the Alabama Rules of Evidence (formerly codified at § 12-21-203, Ala. Code 1975) sets forth rules of admissibility of evidence relating to past sexual behavior of complaining witnesses in prosecutions for criminal sexual misconduct. At the time of Lozano's trial, Rule 412 provided, in pertinent part:

> (a) As used in this rule, unless the context clearly indicates otherwise, the following words and phrases shall have the following respective meanings:
>
> (1) *Complaining Witness*. Any person alleged to be the victim of the crime charged, the prosecution of which is subject to the provisions of this rule.
>
> (2) *Criminal Sexual Conduct*. Sexual activity, including, but not limited to, rape, sodomy, sexual misconduct, sexual abuse or carnal knowledge.
>
> (3) *Evidence Relating to Past Sexual Behavior*. Such term includes, but is not limited to, evidence of the complaining witness's marital history, mode of dress, and general reputation for promiscuity, nonchastity, or sexual mores contrary to the community standards and opinion of character for those traits.
>
> (b) In any prosecution for criminal sexual conduct or for assault with intent to commit, attempt to commit, or conspiracy to commit criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness, as defined in section (a) of this rule, shall not be admissible, either as direct evidence or on cross-examination of the complaining witness or of other witnesses, except as otherwise provided in this rule.
>
> (c) In any prosecution for criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness shall be introduced if the court, following the procedure described in section (d) of this rule, finds that such past sexual behavior directly involved the participation of the accused.

Ala.R.Evid. 412(a)–(c) (1996).

The trial court granted the State's pretrial motion in limine to exclude evidence, which Lozano had sought to introduce, that the minor victim in the case had previously taken nude images of herself and had displayed these images on a website that she maintained, according to Lozano, "for older men's sexual pleasure and gratification, as well as her own." *See* Doc. No. 14-1 at 92–97. In his Rule 32 petition, Lozano argued that the trial court erred in excluding this evidence and that his appellate counsel was ineffective for not raising this issue on appeal. Doc. No. 14-9 at 11–14. The trial court denied relief on this claim, stating:

> The court finds that the evidence in question was properly excluded by Rule 412 of the Alabama Rules of Evidence. The only practical effect of this evidence would be to place before the trial jury the past sexual behavior of the minor victim, which is clearly barred by law. This court notes the argument by petitioner that the offense for which he was convicted is not listed among those specifically mentioned in Rule 412(2). However, applicability of this rule is not limited to those offenses so listed, and the charge in this case—production of an obscene matter involving a person under the age of 17—would clearly be an offense involving criminal sexual conduct.
>
> Although this court's ruling at trial as to the inadmissibility of this evidence was based on Rule 412, the evidence was also inadmissible based upon general rules of relevancy. The fact that the victim in this case took or created nude photographic images of herself and displayed them on a website, if in fact this allegation was true, in no way refuted or even tended to refute the evidence set out by the prosecution in this particular case. In fact, the evidence at trial was undisputed that the victim had taken the video in question; the only argument raised at trial by the petitioner was that he could not be guilty of this offense because he did not actually handle the camera or actually make the video. The court notes that petitioner's trial counsel was never able to articulate how the admission of this evidence would have tended to refute any evidence offered by the State.
>
> Because the ruling at trial concerning the admission of this evidence was proper, petitioner's appellate counsel was not ineffective. An attorney is not ineffective for failing to raise on appeal an issue which is without merit.

7

Doc. No. 14-9 at 32.

In affirming the trial court's denial of this claim in Lozano's Rule 32 petition, the Alabama Court of Criminal Appeals stated, in pertinent part:

> The circuit court correctly dismissed Lozano's claim that his appellate counsel was ineffective. The issue at trial was whether Lozano had produced obscene matter containing a visual depiction of a person less than 17 years of age involved in an obscene act. This court [on direct appeal] determined that the evidence was sufficient to prove his guilt based on testimony that he was complicit in the production of the obscene matter, despite the fact that the female victim had been the instigator and had held the camera used to produce the obscene video.
>
> As correctly determined by the circuit court, the evidence that the victim had produced other obscene matter at another time was not relevant to the issue of whether Lozano had participated in the production of obscene matter on the occasion charged in the indictment and was complicit in the production of it. Thus, had this argument been made on appeal, it would have been meritless.
>
> Counsel would not be ineffective for failing to assert a meritless or baseless claim. *See Patrick v. State*, 680 So. 2d 959, 963 (Ala. Crim. App. 1996); *Hope v. State*, 521 So. 2d 1383, 1386 (Ala. Crim. App. 1988); *Bearden v. State*, 825 So. 2d 868 (Ala. Crim. App. 2001).

Doc. No. 14-14 at 5–6 (footnotes omitted).

When addressing this claim of ineffective assistance of trial counsel, the state appellate court applied *Strickland v. Washington*, 466 U.S. 668 (1984). *See* Doc. No. 14-14 at 5. *Strickland* sets forth the clearly established federal law on claims of ineffective assistance of counsel and requires that a petitioner alleging ineffective assistance establish that his counsel's performance was deficient and that he was actually prejudiced by the inadequate performance. 466 U.S. at 687. This requires showing both that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant

8

by the Sixth Amendment," and that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. The petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Because the state court ruled on the merits of this ineffective assistance claim, this court's § 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlow*, ___ U.S. ___, ___, 134 S.Ct. 10, 13 (2013) (quotation marks and citation omitted); *see Tanzi v. Sec'y, Florida Dep't of Corr.*, 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).

Upon review of the record, it is clear that the Alabama Court of Criminal Appeals' rejection of Lozano's ineffective assistance claim was objectively reasonable. Lozano fails to show that the excluded evidence was admissible under Alabama's rape shield law or that it was relevant to the issue of whether Lozano had participated in the production of obscene matter on the occasion charged in the indictment and was complicit in its production. That the victim had taken other nude photographic images of herself and displayed them on a website—if indeed a fact—did not refute the State's evidence in Lozano's case or bolster Lozano's defense, which was that he could not be guilty because he did not actually handle the camera or actually make the video. That the victim had taken the video in question involving Lozano was undisputed at trial. The key issue in Lozano's case was whether his complicity in making the video constituted production of obscene material under the statute he was charged with violating. Thus, Lozano's appellate counsel would not have prevailed

on appeal with an argument that the trial court erred by excluding the evidence about the victim's prior conduct. Counsel cannot be ineffective for failing to present a meritless claim. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

This court finds no basis on which to disagree with the state court's determination that Lozano failed to demonstrate his appellate counsel was ineffective for failing to argue on appeal that the trial court improperly applied Alabama's rape shield law. Lozano has not shown that the state court's rejection of this ineffectiveness claim under *Strickland* provides any basis for federal habeas relief. Absent any such showing, Lozano has failed to show that the state court's rejection of this claim was contrary to or an unreasonable application of federal law, or an unreasonable determination of the facts in light of the evidence presented in the state court. *See* 28 U.S.C. § 2254(d)(1) & (2). Habeas relief is therefore unwarranted on this claim.

**B.     Procedurally Defaulted Claims**

*1.     Exhaustion Requirement*

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Before a § 2254 petitioner may obtain federal habeas corpus review, he must exhaust his federal claims by raising them in the appropriate court, giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Doing so gives the state

courts the first opportunity to apply controlling law to their own case and petitioner's claim. *See Duncan v. Walker*, 533 U.S. 167, 178–79 (2001).

In Alabama, a full opportunity for direct review of a criminal conviction includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for a writ of certiorari to the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."); Ala. R. App. P. 39 & 40 (setting rules for appeals). The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Federal claims never presented to a state court or claims not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996) (where state court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas.") (citations omitted); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner

fails to properly exhaust claims in state court and is barred from raising claims in state court by state procedural rules, such claims are procedurally defaulted).

### 2. *Adequate and Independent State Ground*

Federal habeas review may also be unavailable for claims that a state court has rejected on state procedural grounds. *Coleman*, 501 U.S. at 729. When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995).

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

### **Exceptions to Procedural Default**

This court may reach the merits of a procedurally defaulted claim in only two narrow circumstances: (1) if the petitioner shows cause for the default and actual prejudice

resulting from it, or (2) if the petitioner establishes that a fundamental miscarriage of justice would result if the defaulted claim is not heard. *See Henderson*, 353 F.3d at 892 (citing *Murray v. Carrier*, 477 U.S. 478, 485, 495–96 (1986*); Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

To show cause for a procedural default, a petitioner ordinarily must show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Examples of such external impediments include a factual or legal basis for a claim not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel. *Murray*, 477 U.S. at 488. To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted).

This court may also reach a procedurally defaulted claim if necessary to prevent a fundamental miscarriage of justice. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Henderson*, 353 F.3d at 892 (citing *Murray*, 477 U.S. at 495–96). The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). This standard is not an independent claim; instead, it is the "gateway" through which a petitioner must pass before a court may consider defaulted constitutional claims. *Id.* at 315. This exception applies when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually

innocent." *Murray*, 477 U.S. at 496; *Schlup*, 513 U.S. at 321. "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327–28); *House v. Bell,* 547 U.S. 518, 538 (2006). In this context, a petitioner must show constitutional error coupled with newly discovered evidence not presented at trial that would establish factual innocence rather than mere legal insufficiency. *Bousley*, 523 U.S. at 623–24; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001); *see also Schlup*, 513 U.S. at 324.

### 3. *Lozano's Procedurally Defaulted Claim of Ineffective Assistance of Appellate Counsel*

In his § 2254 petition, Lozano claims that his appellate counsel was ineffective for failing to argue on direct appeal that his trial counsel rendered ineffective assistance on various grounds. Doc. No. 1 at 5–6. Those alleged grounds of trial counsel's ineffectiveness are listed in footnote 3 of this Recommendation, above, and were first set out by Lozano on appeal from the denial of his Rule 32 petition, where he argued that his appellate counsel was ineffective for failing to argue such grounds on direct appeal. *See* Doc. No. 14-11 at 14–25. In its memorandum opinion affirming the trial court's denial of Lozano's Rule 32 petition, the Alabama Court of Criminal Appeals ruled that this claim was not subject to review because Lozano failed to raise the claim in his Rule 32 petition. Doc. No. 14-4 at 6.

The Alabama Court of Criminal Appeals denied review of Lozano's claim on the adequate and independent state procedural ground that issues not raised in the lower court

in a Rule 32 petition cannot be raised for the first time on appeal from the denial of the Rule 32 petition. *See Arrington v. State*, 716 So.2d 237, 239 (Ala. Crim. App. 1997); Doc. No. 14-4 at 6. This procedural bar is firmly established and regularly followed by Alabama appellate courts.[5] *See, e.g., Boyd v. State*, 913 So. 2d 1113, 1144 (Ala. Crim. App. 2003); *McGahee v. State*, 885 So.2d 191, 224 (Ala. Crim. App. 2003); *Sims v. State*, 869 So.2d 1181, 1184 (Ala .Crim. App. 2003); *Arrington*, 716 So.2d at 239. Consequently, Lozano's claim is procedurally defaulted for purposes of federal habeas review.

This court afforded Lozano an opportunity to demonstrate the existence of cause for his failure to raise this defaulted claim in the state courts. Doc. No. 15. In response, Lozano appears to assert his appellate counsel's failure to argue on direct appeal that trial counsel was ineffective as cause for his default. Doc. No. 16 at 12–14. In other words, he asserts the substance of his claim—appellate counsel's deficient performance—as cause for defaulting his claim that his appellate counsel was ineffective for failing to argue on direct appeal that his trial counsel performed deficiently in various way. However, to obtain federal habeas review, Lozano was required to properly present and exhaust this asserted basis for cause in the state courts—something he failed to do when he did not present this claim in his Rule 32 petition. *See Edwards v. Carpenter*, 529 U.S. 446, 451–23 (2000). If a claim of ineffective assistance of appellate counsel is not raised properly in state court, or if it is raised but procedurally defaulted under an adequate and independent state ground, then the claim cannot be used as cause to excuse procedural default of another claim in a §

---

[5] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

2254 proceeding. *Id*. at 451–23. Because Lozano first presented this claim of ineffective assistance of appellate counsel in his appeal from the denial of his Rule 32 petition, the claim cannot constitute cause to excuse the procedural default of any claims in the instant habeas proceeding. *Id*. at 452–53. Thus, Lozano does not demonstrate cause excusing his procedural default.[6]

Lozano also does not argue that he is actually innocent of the crime of which he was convicted, and nothing in the record suggests a miscarriage of justice will occur if the court does not reach the merits of his defaulted claim. Lozano's procedurally defaulted claim that his appellate counsel was ineffective for failing to argue on direct appeal that his trial

---

[6] This court observes that, on appeal from the denial of his Rule 32 petition and in the instant § 2254 petition, Lozano presented this claim in terms of ineffective assistance of <u>appellate</u> counsel. Even if this claim were to be considered in terms of ineffective assistance of <u>trial</u> counsel, predicated on the various instances of deficient performance by trial counsel alleged by Lozano, and even if this court were to then proceed to assess Lozano's otherwise defaulted claims of ineffective assistance of trial counsel, *see Martinez v. Ryan*, 566 U.S. 1, 17 (2012) (where, under state law, ineffective-assistance-of-trial-counsel claims must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing those claims if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective), Lozano would not be entitled to federal habeas relief. This court has thoroughly reviewed the state court record and finds that Lozano's allegations of ineffective assistance by his trial counsel fail to establish deficient performance by trial counsel. Although trial counsel engaged in extended contretemps with the trial judge after the court granted the State's motion in limine to exclude certain evidence of the victim's prior conduct and several times insisted to the court that its ruling on this matter prevented him from putting on a defense, even to the point of asking to be removed from the case (a request denied by the trial court), the trial record reflects that trial counsel nevertheless aggressively defended Lozano, conducted cross-examination of the State's witnesses, and presented considered legal arguments to the trial court regarding the charges against Lozano. Consequently, Lozano's claims of ineffective assistance of trial counsel are not "substantial" claims and, as such, do not establish cause excusing the procedural default of such claims. *Martinez*, 566 U.S. at 13–18; *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013). Additionally, Lozano cannot demonstrate the prejudice necessary to excuse the procedural default of such claims. He shows no reasonable likelihood that the complained-of actions by his trial counsel affected the outcome of the proceedings. "If a petitioner can establish cause under *Martinez*, he still must establish prejudice as a result of the defaulted ineffective assistance of trial counsel claim, that is, but for the error, there is a reasonable probability that the result of the proceeding would have been different." *Santana v. Cummins*, 2014 WL 1491176, at *22 (M.D. Ala. Apr. 14, 2014).

counsel rendered ineffective assistance on various grounds is therefore foreclosed from federal habeas review.

### 4. *Failure to Receive Copy of Motion to Dismiss Rule 32 Petition*

Lozano contends he was denied due process when he did not receive a copy of the State's motion to dismiss his Rule 32 petition before the trial court denied that petition. Doc. No. 1 at 9. He maintains that his failure to receive a copy of the State's motion to dismiss violated Rule 32.7(a) of the Alabama Rules of Criminal Procedure, which provides for the State to file a response to a Rule 32 petition and to serve that response on the trial court and the petitioner. *Id.*

Lozano presented this claim in his appeal from the denial of his Rule 32 petition. Doc. No. 14-11 at 32–35. After noting that Lozano raised this claim in a motion for reconsideration after the trial court entered its order denying the Rule 32 petition, the Alabama Court of Criminal Appeals found that the trial court's order did not rely in any part on the State's motion to dismiss and that, consequently, Lozano suffered no prejudice from his failure to receive a copy of the State's motion to dismiss. Doc. 14-14 at 6–8.

Lozano is due no habeas relief on this claim, which concerns only an alleged deficiency in the Rule 32 proceedings. A claim alleging errors in a state collateral proceeding cannot serve as a basis for federal habeas relief regarding a state conviction, because it constitutes an attack on a proceeding collateral to the detention and not the detention itself. *Quince v. Crosby*, 360 F.3d 1259, 1261–1262 (11th Cir. 2004); *see Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Furthermore, to the extent Lozano bases this claim on an alleged violation of state law, i.e., the State's alleged noncompliance with

17

Ala.R.Crim.P. 32.7(a), he is likewise entitled to no relief, because a state court's interpretation of its own laws and rules provides no basis for federal habeas relief. *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988); *see Estelle v. McGuire*, 502 U.S. 62 (1991).

Even if such a claim could present a cognizable basis for federal habeas relief, the Respondents correctly argue that Lozano failed to exhaust this claim through one complete round of state court appellate review during his state post-conviction proceedings. *See* Doc. No. 14 at 13–14. Specifically, Lozano did not assert this claim in the application for rehearing he filed in the Alabama Court of Criminal Appeals after that court issued its opinion affirming the trial court's denial of his Rule 32 petition, and he further failed to assert this claim in the petition for writ of certiorari he subsequently filed with the Alabama Supreme Court. *See* Doc. Nos. 14-15 & 14-17. As a result of his failure to pursue this claim through the established state appellate review process, he failed to exhaust the claim for habeas corpus review.

Lozano cannot return to the state courts to exhaust this unexhausted claim, because the time for him to assert the claim in the state appellate courts in an application for rehearing and a petition for certiorari has long since passed, and he has no other available remedies. *See* Ala.R.App.P. 39(c)(2) & 40(c). Thus, the exhaustion and preclusion rules coalesce into the procedural default of this claim. *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891. Lozano asserts no grounds as cause for this procedural default, and he does not allege his actual innocence. This claim is therefore foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before November 22, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of November, 2017.

        /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE